Case 09-10168-rlj13 Doc 23 Filed 11/05/09 Entered 11/05/09 08:55:23 Page 1 of 8

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed November 4, 2009            **United States Bankruptcy Judge**

---

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
(713) 621-8673

Attorney for BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP
ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-10168-RLJ-13 |
| | § | |
| CARL LEON COLEMAN, | § | |
|    Debtor | § | CHAPTER 13 |
| | § | |
| BAC HOME LOANS SERVICING, LP | § | |
| FKA COUNTRYWIDE HOME | § | |
| LOANS SERVICING, LP ITS | § | |
| ASSIGNS AND/OR SUCCESSORS IN | § | |
| INTEREST, | § | |
|    Movant | § | HEARING DATE: 11/04/2009 |
| | § | |
| v. | § | TIME: 11:00 AM |
| | § | |
| CARL LEON COLEMAN; WALTER | § | |
| O'CHESKEY, Trustee | § | |
|    Respondents | § | JUDGE ROBERT L. JONES |

## AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR

Came on for consideration the Motion for Relief from Stay, filed by BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning December 1, 2009, and continue said payments thereafter pursuant to that certain Texas Home Equity Note and Texas Home Equity Security Instrument dated December 20, 2007.

3. **Additional Payments**: In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $ 729.91. Said total amount consists of post-petition payments for the months of August 1, 2009 through November 1, 2009 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $729.91 X 4 | $2,919.64 |
| Attorney's Fees & Costs | | $0.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $2,919.64 |
|   Payment Received | | $2,189.73 |
|   Payment to be Received | | $0.00 |
|   Debtor Suspense | | $0.00 |
| Total Balance Due Less Payment Received | | $729.91 |

The total amount due shall be paid directly to Movant in 6 payments beginning December 15, 2009 as indicated below:

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP
PTX-B-209
7105 CORPORATE
PLANO, TX 75024
Attention: Bankruptcy Department

1. $121.65   12/15/2009
2. $121.65   01/15/2010
3. $121.65   02/15/2010
4. $121.65   03/15/2010
5. $121.65   04/15/2010
6. $121.66   05/15/2010

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4. **Payments to Trustee**: Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. **Proof of Payments**: Debtor shall have 30 days from November 4, 2009 or until December 4, 2009 to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by December 4, 2009, then BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST shall credit Debtor account with said payments. If said proof is not provided to Movant the Debtor must tender to Movant the amount of $ 729.91 as stated above net of

payments received and said net amount becomes due and owing under the terms stated in the Additional Payments Paragraph.

6. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7. **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Texas Home Equity Note and Texas Home Equity Security Instrument shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

8. **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

9. **Default**: In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only.

In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (2) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> BEING ALL OF LOT 4 AND PART OF LOT 3, BLOCK 31, T.C. CAMPBELL'S REPLAT OF COLLEGE DRIVE ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS, AS SHOWN BY PLAT RECORDED IN VOLUME 1, PAGE 620, PLAT RECORDS, TAYLOR COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESRIBED AS FOLLOWS:
>
> BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 4;
>
> THENCE N0° 10'W 208.5' TO AN IRON PIN ON THE EBL OF COTTONWOOD STREET;
>
> THENCE N87° 14'E 311.6' ALONG A FENCE LINE OT AN IRON PIN;
>
> THENCE S21° 07'E 237' TO AN IRON PIN AT THE SOUTHEAST CORNER OF SAID LOT 4;
>
> THENCE S89° 38' W AT 393.3' PASS AN IRON PIN AND CONTINUING ON FOR A TOTAL DISTANCE OF 396.2' TO THE PLAT OF BEGINNING.

In the event the Automatic Stay terminates, Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ DAMIAN ABREO

| | |
|---|---|
| DAMIAN ABREO | PAMELA JEAN CHANEY |
| TX NO. 24006728 | 402 CYPRESS, STE. 310 |
| 1900 ST. JAMES PLACE SUITE 500 | ABILENE, TX 79601 |
| HOUSTON, TX 77056 | |
| Telephone: (713) 621-8673 | ATTORNEY FOR DEBTOR |
| Facsimile: (972) 661-7702 | |
| E-mail: NDECF@BBWCDF.COM | |
| ATTORNEY FOR MOVANT | |

MARC MCBEATH, TRUSTEE

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ DAMIAN ABREO
    DAMIAN ABREO
    TX NO. 24006728
    1900 ST. JAMES PLACE SUITE 500
    HOUSTON, TX 77056
    Telephone: (713) 621-8673
    Facsimile: (972) 661-7702
    E-mail: NDECF@BBWCDF.COM
    ATTORNEY FOR MOVANT

PAMELA JEAN CHANEY
402 CYPRESS, STE. 310
ABILENE, TX 79601

ATTORNEY FOR DEBTOR

/s/ Marc McBeath
WALTER O'CHESKEY, TRUSTEE